UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:21-CR-00331-HEA-SRW |
| BRIAN BYRD, | ) ) ) |
| Defendant. | ) ) |

### GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

### 1. PARTIES:

The parties are the defendant, Brian Byrd, represented by defense counsel Anthony Muhlenkamp, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any Governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

### 2. GUILTY PLEA:

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Count VII of the Indictment, the Government agrees to move for the dismissal as to Counts I, II, III, IV, V, VI, and IX at the time of sentencing. The Government also agrees that no further federal prosecution will be brought in this District

1

relative to the underlying facts supporting the charges herein between December 7, 2017 through December 17, 2019, of which the United States is aware at this time.

The parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea. The parties further agree that either party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines and Title 18, United States Code, Section 3553(a). The parties further agree that notice of any such request will be given no later than ten days prior to sentencing and that said notice shall specify the legal and factual basis for the request.

The defendant also agrees, pursuant to the guilty plea to Count VII, to forfeit to the United States all property subject to forfeiture under the applicable statutes.

### 3. ELEMENTS:

As to Count VII, the defendant admits to knowingly violating Title 21, United States Code, Section 841(a)(1), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

*One*, That on or about April 8, 2019, the defendant aided, abetted, and induced a distribution of methamphetamine, a Schedule II controlled substance, and;

*Two*, That he did so knowingly and intentionally.

**4. FACTS:**

The parties agree that the facts in this case are as follows and that the United States would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

On March 5, 2019, BYRD called a CI to arrange for the sale of narcotics. BYRD directed the CI to 6846 Natural Bridge Road, St. Louis, Missouri. The CI and an undercover officer (UC) arrived and BYRD provided the CI with approximately a half ounce of methamphetamine and in exchange the CI provided BYRD with United States Currency. The narcotics were later sent to a lab to be tested and confirmed to contain approximately 13.17 grams of a mixture or substance of methamphetamine.

On March 14, 2019, a Confidential Informant (CI) placed a telephone call to Brian BYRD at 314-456-1268 to conduct a controlled purchase for narcotics. BYRD directed the CI to 6846 Natural Bridge Road, St. Louis, Missouri. Investigators knew this address as the residence of BYRD. CI arrived and BYRD provided the CI with a clear plastic bag containing a clear/white crystalline substance believed to be methamphetamine. In exchange for the suspected methamphetamine, CI provided BYRD with United States Currency. The narcotics were later sent to a lab to be tested and confirmed to contain approximately 10.9 grams of a mixture or substance of methamphetamine.

On March 20, 2019, CI placed a phone call to BYRD at 314-456-1268. BYRD directed the CI to 6846 Natural Bridge Road, St. Louis, Missouri. Surveillance was established at 6846 Natural Bridge Avenue. At approximately 4:32 p.m. BYRD was seen arriving at 6846 Natural Bridge. Shortly thereafter, at approximately 4:36 p.m., Demond DOYLE arrived in a Silver

Range Rover at 6846 Natural Bridge. CI arrived and BYRD provided the CI with a clear plastic bag containing a clear/white crystalline substance believed to be methamphetamine. In exchange for the suspected methamphetamine, CI provided BYRD with United States Currency. The narcotics were later sent to a lab to be tested and confirmed to contain approximately 10.03 grams of a mixture or substance of methamphetamine.

On March 26, 2019, CI placed a phone call to BYRD at 314-456-1268 to arrange for a controlled purchase. BYRD directed the CI to 6846 Natural Bridge Road, St. Louis, Missouri. Surveillance was established at 6846 Natural Bridge Road and BYRD was seen along with four other individuals. BYRD departed the 6846 Natural Bridge and arrived at 5663 Leverette Avenue, St. Louis, Missouri and was observed grabbing a bag from a vehicle and then went back to 6846 Natural Bridge. Demond DOYLE arrived at 6846 Natural Bridge and BYRD and DOYLE were observed conducting an exchange. CI arrived at the location and BYRD entered the CI's vehicle and a narcotics transaction took place between the CI and BYRD. The narcotics were later sent to a lab to be tested and confirmed to contain approximately 13.3 grams of a mixture or substance of methamphetamine.

On April 8, 2019, CI placed a phone call to BYRD at 314-456-1268 to arrange for a controlled purchase. BYRD directed the CI to 6846 Natural Bridge Road, St. Louis, Missouri. Prior to the CI's arrival, Demond DOYLE arrived at 6846 Natural Bridge. Surveillance observed DOYLE tossing a bag to BYRD and BYRD put the bag in his right-hand pant pocket. CI arrived and surveillance observed BYRD remove the same bag from his right-hand pant pocket and give it to the CI. In exchange, the CI provided BYRD with United States Currency. Afterwards, surveillance observed BYRD and DOYLE divide the money CI provided BYRD in

4

exchange for the narcotics. The narcotics were later sent to a lab to be tested and confirmed to contain approximately 26.96 grams of a mixture or substance of methamphetamine.

On December 17, 2019, CI placed a phone call to BYRD at 314-456-1268 to arrange for a controlled purchase. BYRD told CI to meet him at Miami Grill on Page Avenue. CI Arrived at the Miami Grill parking lot and entered BYRD's vehicle. Inside the vehicle a narcotics transaction took place between BYRD and the CI. On February 12, 2020, CI placed a phone call to BYRD at 314-456-1268. BYRD directed the CI to 6846 Natural Bridge Road. CI arrived and a narcotics transaction took place in which BYRD provided the CI with suspected methamphetamine, in exchange for the CI providing BYRD with United States currency. The narcotics from December 17, 2019, and February 12, 2020 were later sent to a lab to be tested and confirmed to contain approximately 56.34 grams of a mixture or substance of methamphetamine.

Based upon the evidence, including relevant conduct, the parties agree that the readily provable amount of a mixture or substance of methamphetamine, attributable to the defendant, is at least 50 grams but less than 200 grams. The evidence seized and analyzed would demonstrate that methamphetamine is a Schedule II controlled substance. Expert testimony in the event of trial would establish that this amount of methamphetamine is inconsistent with amounts possessed purely for personal use and are consistent with amounts possessed for distribution.

## 5. STATUTORY PENALTIES:

The defendant fully understands that the maximum possible penalty provided by law for the felony crime to which the defendant is pleading guilty is imprisonment of not more than

twenty (20) years, a fine of not more than $1,000,000, or both such imprisonment and fine. The Court shall also impose a period of supervised release of at least three (3) years.

**6. U.S. SENTENCING GUIDELINES: 2018 MANUAL:**

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

**a. Chapter 2 Offense Conduct:**

**(1) Base Offense Level:**

**(A.) Drug Quantity:** The parties agree and recommend that the quantity of controlled substance for which the defendant is accountable, including relevant conduct, is more than 50 grams but less than 200 grams of methamphetamine, resulting in a base offense level of **24** pursuant to U.S.S.G. §2D1.1(c)(8).

**(B.) Specific Offense Characteristics:** None

**(2) Chapter 3 Adjustments:**

**(A.) Acceptance of Responsibility:** The parties agree that three (3) levels should be deducted pursuant to Section 3E1.1(a) and (b) because the defendant has clearly demonstrated acceptance of responsibility and timely notified the United States of the defendant's intention to plead guilty. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea, the United States receives new evidence of statements or conduct by the defendant, which it believes are inconsistent with the defendant's eligibility for this deduction, the United States may present said

evidence to the Court and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

**(B.) Other Adjustments:** None

**b. Estimated Total Offense Level:** The parties estimate that the Total Offense Level is **21**. However, if defendant is a Career Offender, both the base offense level and Criminal History Category are subject to change. Depending on the underlying offense and defendant's criminal history, defendant could be a Career Offender pursuant to Section 4B1.1. If the Court finds defendant is a Career Offender, the Total Offense Level may be higher and the Criminal History Category may be as high as Category VI. Defendant has discussed these possibilities with defense counsel. Both parties reserve the right to argue that the defendant is or is not a Career Offender.

**c. Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

**d. Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

### 7. WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:

**a. Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

**(1) Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

**(2) Sentencing Issues:** In the event the Court accepts the plea and, after determining a Sentencing Guidelines range, sentences the Defendant within or below that range, then, as part of this agreement, the Defendant hereby waives all rights to appeal all sentencing issues other than Criminal History. Similarly, the United States hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea, determines a Sentencing Guidelines range, and sentences the Defendant within or above that range.

**b. Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

**c. Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be

8

sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

### 8. OTHER:

**a. Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the United States.

**b. Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:**

Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

**c. Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. These conditions will be restrictions on the defendant to which the defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished.

**d. Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which the defendant agrees to pay at the time of sentencing. Money paid by

9

the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

**e. Possibility of Detention:** The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

**f. Fines, Restitution and Costs of Incarceration and Supervision:** The Court may impose a fine, costs of incarceration and costs of supervision. The defendant agrees that any fine imposed by the Court will be due and payable immediately.

**g. Forfeiture:** The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees to abandon his interest in all seized items and further agrees that said items may be disposed of or destroyed by law enforcement officials in any manner without further notice. By abandoning these items, the defendant waives any future rights to receive additional notice, a valuation of the items, or the opportunity to submit a claim to contest the disposition or destruction of the items that may exist under any policies or procedures of the seizing agency(ies).

The defendant agrees the stipulated facts above are sufficient to support forfeiture of certain assets pursuant to the applicable forfeiture authorities. The defendant consents that the Court may enter a consent preliminary order of forfeiture any time before sentencing, and such Order will become final as to the defendant when it is issued and will be part of the sentence. The defendant agrees not to object to any administrative, civil, or criminal forfeiture brought against any assets subject to forfeiture. The defendant will execute any documents and take all

steps needed to transfer title or ownership of said assets to the Government and/or to rebut the claims of nominees and/or alleged third party owners. The defendant knowingly and intelligently waives all constitutional, statutory, and equitable challenges to any forfeiture carried out in accordance with this plea agreement, including but not limited to that defendant was not given adequate notice of forfeiture in the charging instrument.

## 9. ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:

In pleading guilty, the defendant acknowledges, fully understands and hereby waives her rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the United States to prove the elements of the offenses charged against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the United States' evidence and discussed the United States' case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas that the defendant has requested relative to the United States' case and any defenses.

The defendant understands the guilty plea could impact the defendant's immigration status or result in deportation if the defendant is not a United States Citizen. In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the guilty plea.

The defendant understands this guilty plea impacts certain rights, such as the right to possess a firearm and/or ammunition. The defendant understands he is pleading guilty to a crime punishable by imprisonment for a term exceeding one year, and pursuant to Title 18, United States Code, Section 922(g), it is unlawful for any person convicted of such a crime to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition, which has been shipped or transported in interstate or foreign commerce.

**10. VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between the defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Department of Justice attorney, concerning any plea to

be entered in this case. The defendant has fully discussed the terms and conditions of the offer with counsel, and the defendant understands and agrees to the same. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

**11. CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if the defendant commits any crime, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The United States may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

**12. NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement, which deal with charges the United States agrees to dismiss or not to bring.

| | |
|---|---|
| 8/24/2022 <br> Date | *Nauman Wadalawala* <br> NAUMAN WADALAWALA <br> Assistant United States Attorney |
| 8/4/22 <br> Date | x *Brian Byrd* <br> BRIAN BYRD <br> Defendant |
| 8/4/22 <br> Date | *A.* #55029 <br> ANTHONY MUHLENKAMP <br> Attorney for Defendant |

14